### In re PUBLIC SERVICE COMPANY OF INDIANA DERIVATIVE LITIGATION.

**This document relates to: All Derivative Actions.**

**Nos. IP 84–291–C, IP 84–358–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 22, 1988.

for purposes of this clarifying order, as further indicated above.

See also, D.C., 125 F.R.D. 480.

Peter Tamulonis, Indianapolis, Ind., for plaintiff.

Charles E. Bruess, Barnes & Thornburg, Indianapolis, Ind., Ted B. Lewis, Samuel A. Fuller, Indianapolis, Ind., for officers and outside directors of PSI.

## ORDER APPROVING SETTLEMENT AND APPROVING ATTORNEYS' FEES

NOLAND, District Judge.

This matter is before the Court on the parties' respective memoranda in support of settlement and the derivative counsel's joint petition and memorandum in support of attorneys' fees and expenses.

Whereupon the Court, having considered the memoranda and the extensive supporting documentation, and being duly advised in the premises, hereby APPROVES the settlement as submitted to the Court and APPROVES the requested attorneys' fees as follows:

1. The settlement amount of *$5,750,000* is APPROVED.

2. The award of attorneys' fees in the amount of *$1,300,000* is APPROVED. Public Service Company of Indiana is directed to pay such attorneys' fees within ten (10) business days of the signing by the Court of this judgment. Interest on attorneys' fees shall not be awarded unless Public Service fails to pay such attorneys' fees within said ten (10) day period, and then interest shall be awarded, at the amount previously determined by the parties, beginning with the eleventh day, until such attorneys' fees are paid by Public Service.

3. The award of litigation expenses in the amount of *$78,695.81* is APPROVED.

IT IS SO ORDERED.

## MEMORANDUM ENTRY

■ This matter is before the Court for consideration of settlement and attorneys' fees and expenses. The plaintiffs were previously certified as a class pursuant to Federal Rule of Civil Procedure 23. The dismissal of a class action must be approved by the Court, and notice of a proposed dismissal must be provided to all members of the class beforehand. Fed.R. Civ.P. 23(e). Pursuant to order of the Court, notice of settlement and hearing was mailed to affected parties, namely the current record shareholders of Public Service Company of Indiana ("PSI"). On December 19, 1988 the Court held a hearing on settlement regarding the details thereof and the award of attorneys' fees, and provided an opportunity for objections thereto to be heard. At the hearing, no one objected to either the proposed settlement or the proposed award of attorneys' fees.

### I.

Regarding the approval of the proposed settlement as submitted to the Court, the Court notes that settlements are in general strongly encouraged as a matter of sound public policy. *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir.1980), *Ransburg Electro–Coating Corp. v. Spiller & Spiller, Inc.*, 489 F.2d

974, 978 (7th Cir.1973). This is certainly true in class actions. *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307 (7th Cir.1985).[1] The necessary compromise in approving a settlement inherently prevents the trial court from conducting a trial and exploring the full merits of the issues presented. *Patterson v. Stovall*, 528 F.2d 108, 114 (7th Cir.1976). Rather, in assessing settlements the Court should consider

the strengths of the plaintiffs' case on the merits measured against the terms of the settlement; the complexity, length, and expense of continued litigation; the degree of opposition to the settlement; the presence of collusion in gaining a settlement; the opinion of competent counsel as to the reasonableness of the settlement; and the stage of proceedings and the amount of discovery completed.

*Donovan, supra*, 778 F.2d at 308. Applying these factors to the case at bar, the Court finds that the proposed settlement as submitted is fair, reasonable and adequate to all involved parties.

Throughout the life of this litigation, it has been both vigorously prosecuted and aggressively defended by thoroughly competent counsel on all sides. Approximately four years have passed since the filing and consolidation of the complaints. Class certification was issued. Counsel undertook the necessary discovery, several key depositions were taken, and literally millions of documents were exchanged and reviewed. All sides represent that in order to proceed to trial, further discovery would be in order and the commencement of an actual trial is more than one to two years away. Such extension of the case would result in greater costs and expenses. The history of the case and counsel's participation have been well documented by voluminous filings with the Court. All counsel represent that the settlement is fair; opportunities were presented for interested parties to object in court but no one so objected.

Therefore, the Court makes the following findings and orders. The Court has jurisdiction over the subject matter of *Sonkin v. Barker*, Cause No. IP 84–291–C, *Chessin v. Swezy*, Cause No. IP 84–358–C (the "Derivative Actions") and over all parties, including all current shareholders and all defendants. The notice given to current record shareholders of PSI Holdings, Inc. provided complete and accurate information of all material elements of this litigation and the proposed settlement, and constitutes valid notice under Rule 23(e) of the Federal Rules of Civil Procedure.

The Court finds that the settlement provided for under the terms of the Stipulation is fair, reasonable and adequate to PSI and its shareholders. Accordingly, the Court finally approves the settlement in accordance with the Stipulation and hereby dismisses the Derivative Actions on the merits and with prejudice as to PSI (and any of its subsidiary or affiliated companies) and all of its shareholders, past, present and future and as to defendants Hugh A. Barker, Darrell V. Menscer, Vernley R. Rehnstrom, James H. Pennington, Richard Blacklidge, Charles W. Campbell, Shelton Hannig, Dagmar R. Jones, Melvin Perelman, W. George Pinnell, Richard B. Stoner, Burr S. Swezy, Jr. and Seth W. Shields (the "individual defendants"), in each and every capacity in which PSI and the individual defendants acted or may have been alleged to have acted, together with any predecessor or successor corporations, trusts or partnerships, trustees, principals, agents, attorneys, partners, and shareholders, and any and all personal representatives, heirs, executors, administrators, or successors or assigns of the foregoing. In addition, all claims, rights, demands, and causes of action (whether individual or derivative in nature), which the plaintiffs or any of them have or which could have been asserted against PSI and the individual defendants or any of them, together with any prede-

---

1. The Court recognizes that the panel opinion in *Donovan, supra,* was vacated when rehearing *en banc* was granted. However, the Court does not believe that the *en banc* opinion, 805 F.2d 682 (7th Cir.1986), which reached differing conclusions than did the panel opinion, intended to reverse or detract from the general rules regarding settlement and the policy considerations thereof. Therefore the Court cites to the panel opinion only in support for the general rules concerning the encouragement of settlement and considerations thereof.

cessor or successor corporations, trusts or partnerships, trustees, principals, agents, attorneys, partners, and shareholders, and any and all personal representatives, heirs, executors, administrators, or successors or assigns of the foregoing, in connection with or arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences, or other matters set forth, alleged embraced or otherwise referred to in the Derivative Action including, without limitation, in the Complaints and pretrial proceedings therein, including all claims for violations of federal, state or common law, are hereby discharged.

## II.

■ Regarding the approval of the requested attorneys' fees from the common fund, the Court notes that determining reasonable attorneys' fees is within the sound discretion of the trial court. *Ohio–Sealy Mattress Manufacturing Co. v. Sealy Inc.*, 776 F.2d 646, 650 (7th Cir.1985); *Mills v. Eltra Corp.*, 663 F.2d 760, 762 (7th Cir. 1981). Further, the recent discussion by a panel of the Seventh Circuit in *Skelton v. General Motors* indicates that the use of a lodestar and multiplier is a proper calculation of attorneys' fees in a common fund recovery case, 860 F.2d 250 (7th Cir.1988), *as attached to Derivative Counsel's Joint Petition For, and Memorandum in Support of, Award of Attorneys' Fees and Reimbursement of Expenses* at Exhibit A. The factors to consider in determining the feasonableness of a fee include

> the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly ... the fee customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client or the circumstances; the nature and length of the professional relationship with the client; the experience, reputation and ability of the ... lawyers performing the services; [and] whether the fee is fixed or contingent.

*Mills, supra*, 663 F.2d at 762. Further, the use of a multiplier requires balancing attorney compensation with the class's interest in the recovery fund. The riskiness of the litigation is assessed to determine a proper multiplier. *Skelton, supra*.

At the hearing held on December 19, 1988 both derivative and defense counsels addressed the issue of attorneys' fees. In addition, derivative counsel have provided the Court with extensive briefing and documentation on this issue. Such counsel request total attorneys' fees of *$1,300,000* out of a total recovery of *$5,750,000*. Counsel's lodestar figure is taken times a multiplier of *1.55*.

The Court finds that the requested attorneys' fees in this litigation is reasonable in all respects in light of the factors previously discussed. Therefore, within ten business days of the signing by the Court of this judgment, Public Service Company of Indiana is to pay to derivative plaintiffs' counsel the sum of *$1,300,000* in attorneys' fees, and *$78,695.81* in reimbursement of said counsel's expenses.

### Conclusion

The entry of judgment including dismissal with prejudice shall issue in accordance with the decision herein. The Court reserves jurisdiction over this litigation for all purposes, including compliance with the settlement and payment of attorneys' fees and expenses.